CASE NO. 26-CV-01084

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

**ERNESTO SIMPSON**

                                    *Appellant,*

vs.

**KENNETH  P. SILVERMAN**

                                    *Appellee*

**On Appeal from the United States Bankruptcy Court
for the Southern District of New York
Bankruptcy Case No. 25-11742**

## APPELLANT  OPENING BRIEF

Respectfully submitted

/s/ **Ernesto  Simpson**
Ernesto Simpson Pro, Se
8202 Terra Valley Lane
Tomball Tx. 77375

## TABLE OF CONTENTS

1NTEREST'ED PARTIES……………………………………………………………i

STATEMENT REGARDING ORAL ARGUMENT……………………………..ii

TABLE OF AUTHORITIES……………………………………… …iii.iv

I. JURISDICTIONAL STATEMENT .............................................................,1

II. STATEMENT OF ISSUES………………………………………… .,1

III. STATEMENT OF THE CASE………………………………………...2,5

IV . STATEMENT OF FACTS…………………………………………….5,11

V. STANDARD OF REVIEW……………………………………………11

VI. SUMMARY OF ARGUMENT ...............................................................11,12

VII.    ARGUMENTS

    A .    **Whether the bankruptcy erred in failing to rule on whether the August 7, 2025, Judgments/order entered against the Appellant violated the Stay……………………………………………………12, 14**

    B .    **Whether the Bankruptcy Court erred in taking judicial notice and adopting finding of fact from void judgment/order due to lack of jurisdiction...........................................................................................15, 17**

    C.    **Whether the Bankruptcy Court erred in taking judicial notice and adopting finding of fact from a void judgment/order as the Rooker-Feldman Doctrine Deprive the Court of Subject Matter Jurisdiction……………………………………………………… 17, 20**

    D.    **Whether the bankruptcy court erred in allowing a complete Stranger to appear and be heard at the Appellant bankruptcy hearing despite the *Lack of Standing under* Section 1109(b)………20, 22**

CONCLUSION..................................................................................................23

CERTIFICATE OF COMPLIANCE…………………………………………....24

CERTIFICATE OF SERVICE…………………………………………………….25

## INTERESTED PARTIES

The undersigned appellant certifies that the following listed entity are the true and correct parties to this appeal:

1. Ernesto Simpson-Appellant

2. Kenneth P. Silverman
   *Chapter 7 Trustee*

*i.*

## STATEMENT REGARDING ORAL ARGUMENT

Appellant does not seeks oral arguments as the brief submitted to this court presents no disputed issues of fact in this case. The issues presented for review are purely questions of law, involving interpretations of the Bankruptcy Code and interpretations of state law with regard to the ultimate question of whether the bankruptcy court had jurisdiction.

## TABLE OF AUTHORITIES

*Brunner v. New York State Higher Educ. Servs. Corp.,*
   831 F.2d 395, 396 (2d Cir. 1987)……………………………........................11

*Central States, Southeast and Southwest Areas Pension Fund v.*
*Reimer Express World Corp.,*
   230 F.3d 934, 946 (2d Cir. 2000)……………………………….……………15

*District of Columbia Court of Appeals v. Feldman,*
   460 U.S. 462 (1983)………………………………………….……17,18

*E. Refractories Co.,*
   157 F.3d at 172………………………………………..……..……….14

*Exxon Mobil Corp. v. Saudi Basic Industries Corp.,*
   544 U.S. 280, 283, 125 S. Ct. 1517, 1521 (2005)……….…….………….…17

*Fed. Deposit Ins. Corp. v. Hirsch*
   *(In re Colonial Realty Co.)*
   980 F.2d 125, 137 (2d Cir. 1992)………………………….…………….….14

*Gilani v. Wynn Las Vegas, L.L.C.*
   *(In re Gilani)*, No. 23-40477,
   2024 U.S. App. LEXIS 2049, at *6 (5th Cir. 2024)……….…..….……18,19

*In re Anderson,*
   884 F.3d 382, 387 (2d Cir. 2018)……………………………….…….…11

*In re Fogarty,*
   39 F.4th 77 (2d Cir. 2022)……………………………………….….…13

*In re James,*
   940 F.2d 46, 52 (3d Cir. 1991)…………………………….…………..20

*In re Innkeepers USA Trust, et al., .*
   448 B.R. 131, 141 (Bankr. S.D.N.Y. 2011)………………….………..21

*In re Motors Liquidation Co.,*
   *580 B.R. 319, 340 (Bankr. S.D.N.Y. 2018)*… … … … … … … … …...........22

*iii.*

*In re Old Carco LLC,*
  500 B.R. 683, 690 (Bankr S.D.N.Y. 2013)……………………………………..22

*Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.,*
  474 U.S. 494, 503 (1986)……………………………………………….…..14

*Oviedo v. Hallbauer,*
  655 F.3d 419, 422 (5th Cir. 2011)……………………………….………16

<u>*Rooker v. Fidelity Trust Co.,*</u>
  263 U.S. 413 (1923)……………………………………………….……17,18

*Soares v. Brockton Credit Union (In re Soares),*
  107 F.3d 969, 971 (1st Cir. 1997)……………………………….….…13

*48th St. Steakhouse, Inc. v. Rockefeller Grp., Inc.*
  *(In re 48th St. Steakhouse, Inc).*
  835 F.2d 427, 431 (2d Cir. 1987)……………………………….……14

*Transatlantic Marine Claims Agency, Inc. v*
  *Ace Shipping Corp.,*
  109 F.3d 105, 107 (2d Cir. 1997)……………………………............15

**Federal Statutes**

11 U.S.C. § 362(a)…………………………………………………….12.13

11 U.S.C. § 362(d)……………………………………………….…...13

11 U.S.C. § 541……………………………………………………..….13

28 U.S.C.§ 1446 (a)………………………………………………….16

28  U.S.C. § 1452……………………………………………..…...17

28 U.S.C.S. § 1331…………………………………………….……20

28 U.S.C.S. § 1332…………………………………………….…..20

28 U.S.C.S. §1334……………………………………………….…..20

## JURISDICTIONAL STATEMENT

This is an appeal by the Appellant Ernesto Simpson from orders entered on January 7, 2026 (the "Order") [Bankr. Dkt No. 25]. The Appellant timely filed a Notice of Appeal from the Court's orders. [Bankr. Dkt No, 27]. This Court has appellate jurisdiction over this matter pursuant to 28 U.S.C. § 158(a)(1).

## STATEMENT OF ISSUES

(1)  Whether the bankruptcy erred in failing to rule on whether the August 7, 2025, Judgments/orders entered against the Appellant violated the Stay.

(2)  Whether the Bankruptcy court's erred taking judicial notice and adopting finding of fact from void judgment/order due to lack of jurisdiction .

(3)  Whether the Bankruptcy Court erred in taking judicial notice and adopting finding of fact from a void judgment/order as the Rooker-Feldman Doctrine Deprive the Court of Subject Matter Jurisdiction.

(4)  Whether the bankruptcy court erred in allowing a complete Stranger to appear and be heard at the Appellant bankruptcy hearing despite the *Lack of Standing under* Section 1109(b)

## STATEMENT OF THE CASE

A. ***Texas State Court Proceedings***.

On  September 24, 2025,  the Appellant filed a *Motion to Dismiss* (the "Motion")

its Chapter 7 bankruptcy case filed on August 6, 2025. [Bankr. Dkt. No. 14]

Appellant pleaded that, he had been illegal lock-out of his residence prior to

filing the Chapter 7 bankruptcy filing. The Appellant had obtained on May 8, 2025,

an "Agreed to Judgment" in the case styled as Ernesto Simpson vs.  PCF Properties

in Texas LLC in the Civil County Court at Law (2) Harris County, Texas case No.

124985, as a tenant to access his place of residence when in the State of Texas.

Appellant pleaded that the "Agreed to Judgment" stems from the Appellant and

PCF Properties in Texas LLC, entering ton a Temporary Injunction.

On June 23, 2023, Appellant had *renewed* his lease with Liberty Property

Management LLC, for the rent a room as tenant at the property located 8202 Terra

Valley Lane Tomball Tx, 77375, to stay when he was visiting Texas. Since the year

2007, although throughout the years ownership of the property  has changed the

Appellant maintained  valid lease agreement. [Bankr. Dkt. No. 14 at Exhibit 1]

On June 23, 2023, when Appellant *renewed* his lease with Liberty Property

Management LLC, the occupants of residing at said property were owner Jasmine

Jarbis Michael Jarbis, Sarah Jarbis and Omari Thomas. While Monique Moore

Jireh Pitts, Javaughn Mahomed, and Elizabeth Thomas were considered traveling tenant because they just as the Appellant did not reside on the property on a day-to-day basis only when visiting or working in the State of Texas.

On May 19, 2025, a similar named unrelated named entity Non-Party P.C.F. PROPERTIES IN TX, LLC, (Texas limited liability company], filed a "Interventor's Emergency Motion to Vacate Agreed Final Judgment and Permanent Injunction and Emergency Motion to Stay Issuance of Writ of Possession, Request for Hearing and for Sanctions" [the "Motion"] into the closed and disposed of case claiming fraud on the court and that they were allegedly the owners of said property.

Upon the filing of entity Non-Party P.C.F. PROPERTIES IN TX, LLC "Motion to Vacate" trial court did not set its May 8, 2025, judgment aside or reopen the case. Instead the Court set the Motion to Vacate for hearing on June 3, 2025.  A non-party *__may not__* move for a new trial or file a post-judgment motion to extend the court's plenary jurisdiction unless the non-party successfully intervenes in case. This is only accomplish if post-judgment both its plea is filed and the judgment is set aside within thirty (30) days of the date of the judgment being signed.

The June 3, 2025, hearing was cancelled. On July 8, 2025, Non-Party P.C.F. PROPERTIES IN TX, LLC, reset its Emergency Motion Vacate alleging fraud on the Court for a hearing and the Court held the hearing and found no fraud on the

court and refused to vacate its May 8, 2025, judgment.  On August 5, 2025, Non-Party P.C.F. PROPERTIES IN TX, LLC, reset is Emergency Motion Vacate for two hearings for reconsideration alleging fraud on the Court. The first hearing was set at 10:45 am., The Court the held the hearing found no fraud on the court and refused to vacate its May 8, 2025, judgment. The second hearing was held at 11:00 am. The Court the held the hearing and found no fraud on the court and refused to vacate its May 8, 2025, judgment. [Bankr. Dkt. No. 14 at Exhibit 2].

## B. *Texas  Bankruptcy Proceedings*

Appellant further pleaded that on August 3, 2025, the Appellant then counsel Attorney James M. Andersen filed a Notice of Removal and sought to removed the closed  and disposed  case styled as  *Ernesto Simpson vs. PCF Properties in Texas LLC,*. from the Civil County Court at Law (2), Harris County Texas case No. 1249845 ( the "State Court Action"), that has been closed and dispose of since May 8, 2025 to U.S. Southern District of  Texas" Houston Division  That somehow ended up in the bankruptcy court. Case No.25-03609. [App. Exhibit 1].

Additionally, Appellant demonstrated that there was no debtor or bankruptcy estate to administer in the Texas bankruptcy court. According to the court docket sheet the debtor associated with this alleged Adversary Proceeding consisting of the closed and disposed of State court Action is  BK No.99-99999, an "Out of District

Main Case" a Chapter 7, the name of the debtor is "Created for Statistical Purposes" this case was opened on July 11, 2011 and as closed July 25, 2011. [Bankr. Dkt. No. 14 at Exhibit 3].

Appellant filed a "Suggestion of Bankruptcy and Stay" giving notice that on August 6, 2025, a Chapter 7 voluntary petition in the U.S. Bankruptcy Court for the Southern District of New York: New York Division for relief under of the Bankruptcy Code on August 6, 2025, and these proceeding if *against* the debtor are subject to the bankruptcy automatic stay, as defined in 11 U.S.C. § 362(a), [Bankr. Dkt. No. 14].

## STATEMENT OF FACTS

### A. *New York Bankruptcy Proceedings*

Appellant argued in its September 24, 2025, *Motion to Dismiss* (the "Motion") its Chapter 7 bankruptcy case. [Bankr. Dkt. No. 14], that on August 7, 2025, the bankruptcy court ignored the debtor automatic stay and improperly reopen the closed and disposed of State Court Action for the sole purpose as sitting as a appellate court by holding a in person evidentiary hearing on Non-Party P.C.F. PROPERTIES LLC, unscheduled and unnoticed "Emergency Motion to Vacate Agreed Final Judgment and Permanent Injunction and Emergency Motion to Stay Issuance of Writ of

Possession, Request for Hearing and for Sanctions" alleging fraud on the court that had been filed in state court heard more than four (4) times and rejected.

On August 7, 2025, the bankruptcy court orders in favor of Non-Party P.C.F. PROPERTIES LLC against the debtor in violation of the automatic stay that Debtor and counsel Attorney James M. Andersen were deemed guilty for committing fraud upon the state court thereby upon removal of the closed and disposed of claims to bankruptcy court committed fraud upon court and in contempt of Court issued an order for the U.S. Marshals pick both the debtor and Attorney James M. Andersen and to hold both in *__confinement__* until both together signed a "Motion Voluntary Dismissing the Adversary Proceeding" [Bankr. Dkt. No. 14 at Exhibit 4].

Just when the state court was in the process of issuing a "Writ of Possession" The bankruptcy also issued an Order Vacating Certain Orders Issued Prior to Removal which is all of the state court orders. [Bankr. Dkt. No. 14 at Exhibit 5].

## B. *The Bankruptcy Hearing*

On December 16, 2025, the court held a hearing pending was the Appellant *Motion to Dismiss* (the "Motion") [Bankr. Dkt. No. 14] and *Amended Motion to Dismiss* (the "Amended Motion") [Bankr. Dkt. No. 22]. *for* which the court held hearing. Appellant did not attend. One appearance was made by counsel for P.C.F. Properties in TX, LLC ("P.C.F. Properties").[1] This entity does have a certificate of

formation on file with any of the 50 States of the Union.

Appellant has no idea who is P.C.F. Properties in TX, LLC ("P.C.F. Properties"), they not "[a] party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee that may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

Nonetheless, at the hearing, P.C.F. Properties stated that they have been involved in ongoing litigation with an individual named Elizabeth Thomas ("Ms. Thomas") in the state of Texas. P.C.F. Properties claims that Ms. Thomas has filed multiple lawsuits both under her name and other aliases to dispute the title related to the real property known as 8202 Terra Valley Lane, Tomball, TX, 77375 (the "Property").

P.C.F. Properties states that the Property was purchased in a foreclosure sale in March 2020. The address of the Property is the same Texas state mailing address listed as Debtor's address in the Petition. [ Bankr. Dkt. No. 1, p. 2].

---

1. .According to the Texas Secretary of State this entity P.C.F. Properties in TX, LLC, is ***not*** a Texas LLC, instead is a similar unrelated name to P.C.F. PROPERTIES IN TX, LLC, a Texas Limited liability company, whom filed the motion in state court..[ App. Exhibit 2].

B.  "**Request** *take judicial notice of the Adversary Proceeding*.

P.C.F. Properties further notified the Court of a pending adversary proceeding styled *Ernesto Simpson v. P.C.F. Properties, TX LLC*, Case No. 25-03609 (the "Adversary Proceeding"), filed in the United States Bankruptcy Court for the Southern District of Texas. The Adversary Proceeding allegedly involves a removal of a state court lawsuit that P.C.F. Properties claims was filed by Ms. Thomas using Ernesto Simpson's identity. P.C.F. Properties requested that this Court "*take judicial notice of the Adversary Proceeding*" Docket No. 59, which included findings on a series of pending motions at the time.

At the Hearing, P.C.F Properties read a portion of Docket No. 59 from the Adversary Proceeding, which states: "the Court found that there is sufficient likelihood that Mr. Simpson does not exist as a real person and is a fictitious person created by Elizabeth Thomas." [Case No. 25-03609, Dkt. No. 59].

Attorney John V. Burger, who appeared at the December 16, 2025, is the same person materially misrepresenting to the courts that the Appellant and others do not exist and are aka's  of Elizabeth Thomas, What Mr. Burger failed to advised the court is that this fake narrative do not work in every court.  Mr. Burger alleged this same fake narrative about Michael Jarbis and his wife Jasmine Jarbis, prior owners of said property. Until their lawyer Nickolas A. Spencer, J.D., MA. Attorney and

Counselor at Law Spencer & Associates, PLLC., advised the Court that they do exist because he represent them at a Temporary injunction hearing were they were both present in *Jasmine Jarbis and Javaugh Mahomed vs.PCF Properties in Texas LLC.*, in the 269th Judicial District Court, Harris County, Texas under case No. 2023-26720. The Civil Court Clerk in County Court at Law (2), informed the court that the Appellant attended the four (4) hearings held in State Court.

Instead if anyone does not exist its P.C.F. Properties in TX LLC. On March 10, 2026, the Fourteenth Court of Appeals in the case styled as *Jireh Pitts vs. P.C.F. Properties in TX LLC,* Cause No. 14-25-00479-CV, granted Mr. Pitts Motion to Dismiss the Appeal on the grounds that Appellee P.C.F. Properties in TX LLC, lacks a legal existence. Burger produce no certificate of formation from any State in the Union.

In May of 2025, the Honorable Judge George C. Hanks   U.S.D.J. in the case No. **25CV1437**, Non-suited the case in the 80th District Court formerly styled as *James Allen, Allan Haye and Robert L Thomas Elizabeth Thomas and James M Andersen vs. PCF Investments Inc., it subsidiary PCF Properties in Texas LLC,* cause No. 2020-35780 and **realigned** the case and names of the parties to: P.C.F. PROPERTIES IN TX LLC (Texas) vs. JIREH PITTS assigned this case to cause No. **2020-35780**, and remanded this case back to the 80th District Court. After Defendant

**9 |** P a g e

PCF Properties in Texas LLC (Colorado) removed the case to federal court complaining that P.C.F. Properties in TX, LLC, (Non-Existent) was still seeking lower court judges to realign the names of parties to the April 19, 2023 to reflect them as the defendant after more than 2 years.

The Honorable Judge George C. Hanks U.S.D.J, did not stop there in every pending case where Burger attempted to assert the Non-Existent P.C.F. Properties in TX, LLC, as the case has been non-suited. Case No. **25CV1461**, Judge George C. Hanks e non-suited the case in the First Court of Appeals of Houston under cause No. **23-00331-CV** formerly styled as *James Allen, Allan Haye and Robert L Thomas Elizabeth Thomas and James M Andersen vs. PCF Investments Inc., it subsidiary PCF Properties in Texas LLC*, **and** realigned the case and names of the parties to: P.C.F. PROPERTIES IN TX LLC (Texas) vs. JIREH PITTS assigned this case to cause No. **23-00331-CV** and remanded this case back to the First Court of Appeals.

The Honorable Judge George C. Hanks **U.S.D.J.** in the case No. **25-CV-1439**, non-suited the case, in the Texas Supreme Court under cause No. **24-0694** formerly styled as *James Allen, Allan Haye and Robert L Thomas Elizabeth Thomas and James M Andersen vs. PCF Investments Inc., it subsidiary PCF Properties in Texas LLC* **and** realigned the case names of the parties to: P.C.F. PROPERTIES IN

TX LLC (Texas) vs. JIREH PITTS assigned this case to cause No. **24-0694** and remanded this case to the Texas Supreme Court. The list goes on and on.

## STANDARD OF REVIEW

In a bankruptcy appeal, district courts review bankruptcy court rulings and decisions under the same standards employed by federal courts of appeal: a bankruptcy court's findings of fact are reviewed for clear error, and its conclusions of law de novo. See *In re Anderson*, 884 F.3d 382, 387 (2d Cir. 2018): *Brunner v. New York State Higher Educ. Servs. Corp.*, 831 F.2d 395, 396 (2d Cir. 1987) Mixed questions of law and fact are reviewed "either de novo or under the clearly erroneous standard depending on whether the question is predominantly legal or factual."

## SUMMARY OF THE ARGUMENT

While the Appellant does not disagree with the dismissal of his bankruptcy, instead appeals the bankruptcy court finding of facts, pleaded by a stranger to the bankruptcy proceedings. Whoever P.C.F. Properties in TX, LLC, its purported counsel move the bankruptcy court to take "judicial notice" and adopting finding of facts in judgment/order from a alleged adversary proceeding styled *Ernesto Simpson v. P.C.F. Properties, TX LLC*, Case No. 25-03609 (the "Adversary Proceeding"), filed in the United States Bankruptcy Court for the Southern District

11 | P a g e

of Texas. When in fact there does not exist a adversary proceeding styled as *Ernesto Simpson v. P.C.F. Properties, TX LLC* (has no certificate of formation filed in any of the 50 States of the Union). Instead as evidence bankruptcy court docket sheet the Defendant is PCF Properties in Texas LLC., (a Colorado limited liability company). Secondly the finding of facts from judgments/orders for which the bankruptcy court took judicial notice of is void as a matter of law. The judgments/orders were not only entered in violation of the bankruptcy stay, but the court lacked jurisdiction of the subject matter and the parties.

## ARGUMENT

**A.     The bankruptcy erred in failing to rule on whether the August 7, 2025, Judgments/order entered against the Appellant violated the Stay.**

On August 6, 2025, the Appellant Chapter 7 bankruptcy subject to the automatic stay under 11 U.S.C. § 362(a). Appellant filed a "Suggestion of Bankruptcy and Stay" giving notice that on August 6, 2025, a Chapter 7 voluntary petition in the U.S. Bankruptcy Court for the Southern District of New York: New York Division for relief under of the Bankruptcy Code on August 6, 2025, and these proceeding if ***against*** the debtor are subject to the bankruptcy automatic stay, as defined in 11 U.S.C. § 362(a).

On August 7, 2025, a hearing was set in the Texas bankruptcy on Non-Party P.C.F. Properties in TX, LLC, "Emergency Motion to Vacate Agreed Final

Judgment and Permanent Injunction and Emergency Motion to Stay Issuance of Writ of Possession, Request for Hearing and for Sanctions" wherein a judgment was entered against the Appellant including vacating the Texas State Court (i) Agreed Judgment; and (ii) Rule 11 Agreement.

The U.S. Court of Appeals for the Second Circuit has established a strict "bright-line rule" that the automatic stay under 11 U.S.C. § 362(a) applies to any judicial action or proceeding as long as the debtor is a named party.

*In re Fogarty*, 39 F.4th 77 (2d Cir. 2022): Affirmed that actions against a debtor's property in violation of the stay are void, highlighting that the stay applies to actions "against the debtor" even if not personally named.

Courts recognize that for the bankruptcy system to function, the automatic stay must be respected by creditors and courts. vitality." *Soares v. Brockton Credit Union (In re Soares),* 107 F.3d 969, 971 (1st Cir. 1997) (quoting 11 U.S.C. § 362(d)) When a bankruptcy petition is filed, an automatic stay is created that enjoins actions "against the debtor" and against "property of the estate" while the automatic stay is in effect. 11 U.S.C. § 362(a). Thus, according to 11 U.S.C. § 362's plain language, the automatic stay applies to property of the debtor and the bankruptcy estate. 11 U.S.C. § 541 defines property of the bankruptcy estate as "all legal or equitable interests of the debtor in property as of the commencement

of the case" including causes of actions.

The automatic stay is often viewed as a protection for debtors – and to be sure, it gives the debtor a breathing space following the filing of a bankruptcy case. As the Supreme Court has noted, it "has been described as 'one of the fundamental debtor protections provided by the bankruptcy laws.'" *Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.*, 474 U.S. 494, 503 (1986) (quoting S. Rep. No. 95-989, p. 54 (1978); H. Rep. No. 95-595, p. 340 (1977)).

Indeed, so central is the § 362 stay to an orderly bankruptcy process that "'actions taken in violation of the stay are void and without effect.'"" *Fed. Deposit Ins. Corp. v. Hirsch (In re Colonial Realty Co*.), 980 F.2d 125, 137 (2d Cir. 1992) (quoting *48th St. Steakhouse, Inc. v. Rockefeller Grp., Inc.* (*In re 48th St. Steakhouse, Inc.*), 835 F.2d 427, 431 (2d Cir. 1987) (quoting 2 Lawrence P. King, Collier on Bankruptcy § 362.11 (15th ed. 1987)), cert. denied, 485 U.S. 1035 (1988)).

In the Second Circuit and in the absence of relief to the contrary, actions taken in violation of the stay are void from the outset. *E. Refractories Co.*, 157 F.3d at 172. See *In re 48th St. Steakhouse, Inc.*, 835 F.2d at 431 (stating that "'actions taken in violation of the stay are void and without effect'" (quoting 2 Lawrence P. King, Collier on Bankruptcy § 362.11 (15th ed. 1987)).

**B.    The Bankruptcy Court erred in taking judicial notice and adopting finding of fact from void judgment/order due to lack of jurisdiction.**

At the December 16, 2025,hearing P.C.F. Properties requested that this Court ***take judicial notice*** of the Adversary Proceeding Docket No. 59, which included findings on a series of pending motions at the time. At the Hearing, P.C.F Properties read a portion of Docket No. 59 from the Adversary Proceeding, which states: "the Court found that there is sufficient likelihood that Mr. Simpson does not exist as a real person and is a fictious person created by Elizabeth Thomas." [Case No. 25-03609, Dkt. No. 59].

Appellant argues that the judgments/ orders rendered in Case No. 25-03609, are not only void due to being entered in violation of the Appellant bankruptcy stay, but additionally because the court lacked jurisdiction.

In *Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (2d Cir. 2000): the court noted that a judgment is void if the court that rendered it lacked jurisdiction of the subject matter or of the parties. In *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 107 (2d Cir. 1997). The Second Circuit held that a challenge to a judgment as "void" for lack of personal jurisdiction can be raised for the first time on appeal, even if not previously raised in the district court, because a void judgment is entitled to no respect.

15 | Page

Here the Appellant then counsel on August 3, 2025, filed a Notice of Removal and attemptcd t to removed the closed and disposed case styled as *Ernesto Simpson vs. PCF Properties in Texas LLC,* from the Civil County Court at Law (2), Harris County Texas case No. 1249845 ( the "State Court Action"), that has been closed and dispose of since May 8, 2025 and the thirty (30) day time frame or filing an appeal had long passed with no appeal being filed to U.S. Southern District of Texas" Houston Division  That somehow ended up in the bankruptcy court. Case No.25-03609.

Case law in the U.S. Fifth Circuit establishes, that a state court action that has already been adjudicated into a final judgment and the time for filing direct appeals has pass ***cannot*** be removed because the case is over and decided. *See*: <u>Oviedo v. Hallbauer,</u> 655 F.3d 419, 422 (5th Cir. 2011) ("Emphasizing the total finality of the state case here, we hold that it cannot [be removed]."). In <u>Oviedo</u>, the U.S. Fifth Circuit concluded that, at the time of removal, "there was no pending case to remove, inasmuch as nothing remained for the state courts to do but execute the judgment. Removal is simply "***not possible***" after a final judgment and the time for direct appellate review has run." Id. at 423-24.  Subdivision (a)(2)  of <u>28</u> U.S.C.§ <u>1446 (a),</u> governs situations in which there is litigation ***pending*** .

Any, subsequent attempt to revive already-dismissed claims in the bankruptcy court is not permitted, as the bankruptcy court cannot act as an appellate body for the state court's pre-removal decisions. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).   Like all federal courts, bankruptcy courts have a limited, statutory jurisdiction. They *cannot* expand their authority to revive claims that were properly disposed of by a state court *before* the removal occurred. 28 U.S.C. § 1452 , on August 3, 2025, there was simply was no pending state court case to remove, to federal court as such the court never obtained either subject matter or personal jurisdiction.

## C. The Bankruptcy Court erred in taking judicial notice and adopting finding of fact from a void judgment/order as the Rooker-Feldman Doctrine Deprive the Court of Subject Matter Jurisdiction

The Rooker-Feldman Doctrine provides that appeals from final state court judgments can only be taken to the U.S. Supreme Court. Inferior federal courts, such as federal district courts and bankruptcy courts, can only exercise original, not appellate, jurisdiction. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 283, 125 S. Ct. 1517, 1521 (2005);

A subsequent attempt to revive already-dismissed claims in the bankruptcy court is not permitted, as the bankruptcy court cannot act as an appellate body

for the state court's pre-removal decisions. *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Gilani v. Wynn Las Vegas, L.L.C.* (In re Gilani), No. 23-40477, 2024 U.S. App. LEXIS 2049, at \*6 (5th Cir. 2024).

Here August 7, 2025, the bankruptcy court reinstated the state court action so as to sit as an appellate court and re-litigate the state law claims federally, due to disagreeing with the state court refusal to set aside its May 8, 2025 judgment aside or find fraud on the court after holding 4 (four)hearings on P.C.F. Properties in TX, LLC, "Emergency Motion to Vacate Agreed Final Judgment and Permanent Injunction" and Emergency Motion to Stay Issuance of Writ of Possession, Request for Hearing and for Sanctions"

Thereinafter the bankruptcy court held evidentiary hearing on August 7, 2025, on P.C.F. Properties in TX, LLC, "Emergency Motion to Vacate Agreed Final Judgment and Permanent Injunction" and Emergency Motion to Stay Issuance of Writ of Possession, Request for Hearing and for Sanctions" claiming fraud on the court. This the same Motion filed in the state court on May 19, 2025, that was already heard more than four (4) times in state court and was rejected. Only P.C.F. Properties in TX, LLC, counsel was in attendance at the hearing.

After On August 7, 2025, the bankruptcy court while sitting as a appcllatc court after a evidentiary hearing ruled that Appellant and his Attorney Andersen had committed fraud on the state court: The bankruptcy court also found that upon removal of the state case to bankruptcy Appellant and his Attorney Andersen committed fraud on the bankruptcy court." As such are in contempt of court.

The U.S. Fifth Circuit decision *In re Gilani* displays the continued ways in which the federal judiciary utilizes the doctrine to preclude state court actions. *Gilani v. Wynn Las Vegas, L.L.C.* (In re Gilani), No. 23-40477, 2024 U.S. App. LEXIS 2049, at *6 (5th Cir. 2024).*In re Gilani* presents a "paradigm" Rooker Feldman situation where a state court judgment for breach of contract against the debtor precluded him from seeking relitigation in federal court, which he sought to bring to combat what he thought was a "void [state court] judgment."

The U.S. Fifth Circuit held as outlined in *In re Gilani* that it "did not matter whether a federal district or appellate court agreed or disagreed with the state-court judgment." *See id.* at *6. Regardless of the possibility of a wrongfully decided outcome, the U.S. Fifth Circuit concluded that the proper course of action was for state appellate court review instead of the federal courts. *See id.*

Therefore, the U.S. Fifth Circuit affirmed the district court decision to dismiss the debtor's motion on jurisdictional grounds. *See id.* at *8. The lower federal courts lack appellate jurisdiction; thus they do not hear state court judgment appeals. See 28 U.S.C.S. §§ 1331–1332, 1334. Bankruptcy courts cannot vacate a state court judgment, and relitigate it federally, for the sole purpose of disagreeing with the result. See *In re James*, 940 F.2d 46, 52 (3d Cir. 1991). The Supreme Court is the only federal court authorized to review state court judgments. See 28 U.S.C. § 1257; *Rooker*, 263 U.S. 413 (1923); *Feldman*, 460 U.S. 462 (1983).

## D. The bankruptcy court erred in allowing a complete Stranger to appear and be heard at the Appellant bankruptcy hearing despite the *Lack of Standing under* Section 1109(b)

Section 1109(b) of the Bankruptcy Code states, in relevant part, that "[a] party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b). Generally, courts have held that "a party in interest is one that has a sufficient interest in the outcome of the case that would require representation, or a pecuniary interest that will be directly affected by the case."

*In re Innkeepers USA Trust, et al.,* 448 B.R. 131, 141 (Bankr. S.D.N.Y. 2011). In other words, "a party in interest must have a financial or legal stake in the outcome of the particular matter." *Old Carco,* 500 B.R. at 691 (citation omitted).

Who is P.C.F. Properties in TX, LLC ?  the Appellant has no debt owed to this entity, when filing a civil rights complaint with the New York Attorney Office last year they advised that this entity does not have a certificate of formation filed in any of the 50 State in the Union.

P.C.F. Properties in TX, LLC is a fictitious entity that lacks a legal existence due never being duly formed and is not "[a] party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee may raise and may appear and be heard on any issue in a case under this chapter."

Under Section 1109(b) party in interest will not have standing in a chapter 13 case without also satisfying the demands of prudential standing and Article III constitutional standing and has no standing to appear and be heard on any issue in a case under this chapter without demonstrating that they would "suffer a concrete and particularized injury in fact that is actual and imminent, not speculative. Generally, to have standing in bankruptcy court, a party must possess: (i) constitutional standing; (ii) prudential standing; and (iii) standing under section

1109 of the Bankruptcy Code. *In re Motors Liquidation Co.,* 580 B.R. 319, 340 (Bankr. S.D.N.Y. 2018); *see In re Old Carco LLC,* 500 B.R. 683, 690 (Bankr. S.D.N.Y. 2013) (indicating that a party invoking federal jurisdiction bears the burden to establish that it meets "(1) Article III's constitutional requirements, (2) federal court prudential standing requirements, and (3) the `party in interest' requirements under Bankruptcy Code 1109(b)."). "All three standing requirements must be met to have standing." *Motors Liquidation,* 580 B.R. at 340.

Here no argument was made before Court demonstrating that P.C.F. Properties in TX, LLC, may raise and may appear and be heard on any issue in the case, its whole argument was based Ms. Thomas who is not named as party to the Appellant bankruptcy was never served with notice or given the opportunity or due process right to be heard. Just as the court too judicial notice of a fact *before* notifying the Appellant.

## CONCLUSION

For the foregoing reasons, Appellant Accordingly, the bankruptcy court's findings of facts  should be REVERSED, and  any further relief that the Court deems just and proper.

Respectfully submitted

/s/ **Ernesto  Simpson**
Ernesto Simpson Pro, Se
8202 Terra Valley Lane
Tomball Tx. 77375

ernestosimpson122@gmail.com

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limitation of FED. R. APP. P. 32(a)(7)(B) because, excluding the parts of the document exempted by FED. R. APP. P. 32(f): this document contains 5,249 words.

2. This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type-style requirements of FED. R. APP. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2013, in font size 14 in Times New Roman.

CASE NO. 26-CV-01084

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

ERNESTO SIMPSON

_Appellant,_

vs.

KENNETH  P. SILVERMAN

_Appellee_

On Appeal from the United States Bankruptcy Court
for the Southern District of New York
Bankruptcy Case No. 25-11742

APPELLANT  APPENDIX

Respectfully submitted

/s/ **Ernesto  Simpson**
Ernesto Simpson Pro, Se
8202 Terra Valley Lane
Tomball Tx. 7737

1. The Appellant incorporating and reference all documents filed in its February 9,2026 Appellants Designation of items to be included in the record on appeal.

2. Exhibit 1 a true and correct copy of Appellant then Counsel attempting to remove closed and disposed of state court action to federal court.

3. Exhibit 2 Copy of Texas Secretary of Texas certificate of fact that P.C.F. Properties in TX, LLC, is not a Texas Entity

# EXHIBIT-1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| **In re: ELIZABETH THOMAS**<br><br>*Debtor* | **Case No. 25-11431 (Chapter 13)**<br><br>**(Pending in the United States Bankruptcy Court for the Southern District of New York, New York Division)** |
| **ERNESTO SIMPSON**<br><br>V.<br><br>**PCF PROPERTIES IN TEXAS LLC** | Adv. Pro. No. _____ |

## NOTICE OF REMOVAL AND MOTION TO TRANSFER

Pursuant to 28 U.S.C. §§ 9027 and 28 U.S.C. §§ 1452 Plaintiff Ernesto Simpson hereby gives notice of the removing all claims ("Petition in Intervention") filed by P.C.F. PROPERTIES IN TX ,LLC the "(P.C.F. Proceedings") from the County Court at Law Number Two Harris County, Texas, under case No. 1249845 to the United States Bankruptcy District Court for the Southern District of Texas, Houston Division.

### I. Background

Plaintiff Ernesto Simpson is a tenant that holds a valid lease agreement for the property located at 8202 Terra Valley Lane, Tomball Tx 77375, (the "Property") and sued the Defendant PCF Properties in Texas LLC, whom on April 19, 2023, was awarded judgment for quiet title and possession of same said property for an illegal eviction. On May 8, 2025, the Plaintiff and Defendant reached a settlement agreement (the "Judgment") in the case styled as *Ernesto Simpson vs. PCF Properties in Texas LLC*, County Court at Law (2) Harris County, Texas case No. 1249845 that was approved by the Court and the case was dismissed with prejudice.

On **May 19, 2025,** P.C.F. PROPERTIES IN TX LLC, (a similar but unrelated named entity) had attempted to intervene in the case by filing a "Petition Intervention" seeking the Court to "Vacate the Parties Judgment." A motion to vacate a prior judgment is considered a motion for new trial.[1]  In March of 2020, P.C.F. PROPERTIES IN TX LLC, claims that on March 3, 2020, after James Allen/Jeve Enterprise foreclosed on Allan Haye recorded "Deed of Trust" in the Harris County Real Property No. 2020-81003 at **10:07** a.m., for the property located at 8202 Terra Valley Lane, Tomball Tx 77375, (the "Property") and its "Trustee's Deed" was recorded at **11:50** am., in Harris County Real Property RP-No. **2020-9707** conveying title to said property to James Allen/Jeve Enterprise;[2] **they**

Via Substitute Trustee Anna Sewart also on March 3, 2020, the same said date as Mr. Allen purchase the property at a foreclosure at **12:30 p.m.**, on a FLAGSTONE LENDING GOUP, "Deed of Trust" that had been recorded as released in Harris County Real Property RP- No. 2018-76715 effective since December of 2016, the power of sale no longer having any legal force or effect and this alleged transaction is simply not legally possible under Texas law.[3]

Unable to file its own lawsuit since all of P.C.F. PROPERTIES IN TX LLC., accrued in 2020, its claims are subject to the doctrine of res judicata and/or barred under the statute of

---

1 _A Motion to Vacate judgment is a Motion for a New Trial. Mullins _v. Martinez R.O.W., LLC,_ 498 S.W.3d 700, 705 (Tex. App.—Houston [1st Dist.] 2016, no pet.); _Chapman v. Mitsui Eng'g & Shipbuilding Co.,_ 781 S.W.2d 312, 315 (Tex. App.—Houston [1st Dist.] 1989, writ denied).

2. In executing the foreclosure deed, the trustee affects the transfer of legal title from the debtor to the foreclosure purchaser. _Olivares v. Nix Trust,_ 126 S.W. 3d 242 (Tex. App.- San Antonio 2003, pet. denied).

3.   Because the lien was released, there was no lien to foreclose, and the substitute trustee had no power to transfer title to the property to P.C.F. PROPERTIES IN TX LLC. _Martin v. Cadle Company,_ 133 S.W.3d 897 (Tex.App.—Dallas 2004, pet. Denied) (Presidential)  See Schneider v. Sellers, 98 Tex. 380, 84 S.W. 417, 421 (1905). Sebesta v. Daniels, 812 S.W.2d 641, 646 (Tex.App.-Houston [14th Dist.] 1991, writ denied) (conveyance by one without authority or title does not furnish color of title);

limitations, P.C.F. PROPERTIES IN TX LLC, is attempting to try and intervene this case by falsely claiming to be the current owner of said property so as to seek relief by collaterally attacking a prior judgment rendered on February 14, 2019 in the case styled case styled as *Robert L. Thomas* and James *Allen vs. McCarty & Holtus LLP Non-Existent Flagstone Lending Group and J.P. Morgan Chase Bank N.A., and Elizabeth Thomas* under Cause No. 2018-14171 in the 133rd Judicial District Court, Harris County, Texas under cause No.2018-14171. The February 14, 2019, judgment on merits ruled that among others that FLAGSTONE LENDING GOUP, "Deed of Trust" has been released effectively as of December of 2016, due to being a forgery.[4]

Normally the Harris County Civil Courts Administrative Judge could have transferred P.C.F. PROPEPRTIES IN TX LLC, claims to the 133rd Judicial District Court, Harris County pursuant to local Rule 3.2.1 which mandates any claim for relief based upon a prior judgment shall be assigned to the court of original judgment.

However, the Honorable Judge Nicole V. Perdue of the 133rd Judicial District Court, Harris County, Texas, District Clerk had advised the Parties that a "Motion to Enforce" the February 19, 2019, judgment which would have effectively prohibit P.C.F. PROPEPRTIES IN TX LLC, from collaterally attacking said judgment by claiming a ownership through a FLAGSTONE LENDING GROUP Deed of Trust is unable to enforce the February 19, 2019, judgment, because that case is still in pending in the bankruptcy court.

Non-Party P.C.F. PROPEPRTIES IN TX LLC, claims cannot be transferred to the 133rd Judicial District Court, Harris County, Texas under cause No.2018-14171 as local Rule 3.2.1 mandates because that case is presently pending in U.S. Southern Bankruptcy Court of Texas;

---

[4] As a matter of law a forged deed of trust is void *ab initio*, a nullity, and passes no title. *See Johnson v. Coppel,* No. 01-09-00392-CV, 2012 WL 344757, at *6-7 (Tex. App.-Houston [1st Dist.] 2012, no pet.) (mem.op.) (forged deed of trust is void and passes no title); *Commonwealth Land Title Ins. Co. v. Nelson,* 889 S.W.2d 312, 318 (Tex. App.-Houston [14th Dist.] 1994, writ denied) ("A forged deed is void *ab initio* and inoperative).

Houston in the case styled as *Robert L. Thomas* and James *Allen vs. McCarty & Holtus LLP Non-Existent Flagstone Lending Group and J.P. Morgan Chase Bank N.A., and Elizabeth Thomas* under Cause No.22-03824 before the Honorable Judge Marvin Isgur, U.S.B.J.

The case styled as *Robert L. Thomas* and James *Allen vs. McCarty & Holtus LLP Non-Existent Flagstone Lending Group and J.P. Morgan Chase Bank N.A., and Elizabeth Thomas* under cause No.2018-14171, was remove to federal court settled and never remanded back to state court.

Non-party P.C.F. PROPEPRTIES IN TX LLC[5], is seeking to collaterally attack said prior February 14, 2019, judgment which deem its FLAGSTONE LENDGING GROUP Deed of Trust that was recorded as release in December 2016, due to being ruled as forgery, and seeks the court to grant orders to exercise possession and control of the property located at 8202 Terra Valley Lane, Tomball Tx., 77375, by falsely declaring to be owner of said property and with rights to possession.

On June 27, 2025, (the "Petition Date"), Debtor Elizabeth Thomas filed its voluntary petition for relief under Chapter 13 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et, seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York, New York Division, commencing the above referenced bankruptcy case which bears Case No. 25-11431 (the "New York Bankruptcy Case").

---

[5]. Under Texas Law the *only way* Non-Party P.C.F. PROPEPRTIES IN TX LLC., could have successfully intervened in the case post-judgment was if both its plea is filed and the judgment is set aside within thirty (30) days of the date of the judgment being signed  See: *In re Baby Girl S.*, 343 S.W.3d 317, 317 (Tex. App.—Dallas 2011, no pet.); *Malone*, 182 S.W.3d at468; see also *First Alief Bank v. White,* 682 S.W.3d 251, 252 (Tex. 1984) (holding trial court could only vacate, set aside, modify, or amend judgment within thirty days after its signed and *observing "a plea in intervention comes too late if filed after judgment and may not be considered unless and until the judgment has been set aside*"); *Beach v. Beach,* 912 S.W.2d345, 347 (Tex. App.—Houston [14th Dist.] 1995, no writ) ("*Once judgment is rendered in a case, an intervention cannot be filed* therein unless the judgment is set aside or the dismissal of the claims with prejudice is set aside") Tex. Mut. Ins. Co. v. Ledbetter, 251 S.W.3d 31, 36 (Tex. 2008)  (one cannot intervene after final judgment has been entered or dismissal of the claims with prejudice.) **Trial court never set aside the judgment**.

The property located at 8202 Terra Valley Lane, Tomball Tx., 77375, is scheduled on Debtor Thomas's  A/B Schedules as the debtor's property and the bankruptcy automatic stay prohibits P.C.F. PROPEPRTIES IN TX LLC from taking any action against the debtor property §§ 362 of the Bankruptcy Code.[6]

On August 1, 2025 Debtor filed a Suggestion of Bankruptcy with Civil County Court at Law (2) Harris County, Texas notifying Non-Party P.C.F. PROPEPRTIES IN TX LLC., that Debtor Thomas had filed for bankruptcy and that the provisions of §§ 362 of the Bankruptcy Code stayed any further claims and/or action initiated against the Debtor Elizabeth Thomas's property  by Non-Party P.C.F. PROPEPRTIES IN TX LLC.

**II. Removal under 28 U.S.C. 9027**

P.C.F. PROPEPRTIES IN TX LLC, claims maybe removed to this Court to 28 U.S.C. **9027**, which provides in pertinent part:

> Removing a Claim or Cause of Action from Another Court(a) Notice of Removal.(1) *Where Filed; Form and Content* . A notice of removal must be filed with the clerk for the district and division where the state or federal civil action is pending. The notice must be signed under Rule 9011 and must:(A) contain a short and plain statement of the facts that entitle the party to remove;(B) contain a statement that the party filing the notice does or does not consent to the bankruptcy court's entry of a final judgment or order; and(C) be accompanied by a copy of all process and pleadings.

Based on the language of §§ **9027**, a party may remove claim or cause of action over which a bankruptcy court has jurisdiction under 28 U.S.C. 1334. Pursuant to 28 U.S.C. §§

---

[6.] See *In re Standfield*, 152 B.R. 528, 531 (Bankr. N.D. Ill. 1993) (holding that in chapter 13 case "[v]erified schedules and statements filed by [d]ebtors are not just pleadings, motions, or exhibits, they contain evidentiary admissions."); Larson v. Groos Bank, N.A., 204 B.R. 502 (W.D. Tex. 1996). .");) (noting that bankruptcy schedules "are executed under penalty of perjury and when offered  are eligible for treatment as judicial admissions."); In re Leonard, 151 B.R. 639 (Bankr. N.D. N.Y. 1992) (debtor's scheduling of real property ownership and outstanding mortgage debt is an admission under Fed. R. Evid. 801(d)(2) of its validity, with the court characterizing the filing of schedules by the debtor as "a solemn admission which, unless corrected, binds him.") (quoting Sovran Bank, N.A. v. Anderson, 743 F.2d 223, 225 n.1 (4th Cir. 1984) (emphasis in original))

1334, this Court has original jurisdiction over all civil proceedings "arising under title 11, or arising in or related to cases under Title 11." 28 U.S.C. §§ 1334(b).

## III. Removal under 28 U.S.C. 1452

The P.C.F. PROPEPRTIES IN TX LLC's proceeding may be removed to this Court pursuant to 28 U.S.C. §§ 1452, which provides in pertinent part:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title. 28 U.S.C, §§ 1452(a).

Based on the language of §§ 1452, a party may remove any civil action over which a bankruptcy court has jurisdiction under 28 U.S.C. The P.C.F. PROPEPRTIES IN TX LLC Proceeding is a civil action within the meaning of 28 U.S.C. §§ 1452 because: a) the P.C.F. PROPEPRTIES IN TX LLC Proceeding is a dispute against property of Debtor Elizabeth Thomas's bankruptcy estate, seeks monetary damages and injunctive relief; and b) the P.C.F. PROPEPRTIES IN TX LLC Proceeding is not an action before the Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power. Based on the foregoing, the P.C.F. PROPEPRTIES IN TX LLC Proceeding may be removed to this Court pursuant to 28 U.S.C. 1452.

## IV. All Requirements for Removal Have Been Met and Removal to this Court it Proper.

This Notice of Removal is timely pursuant to FRBP 9027 because the Plaintiff Ernesto Simpson filed this Notice of Removal with this Court within ninety (90) days of Debtor Thomas June 27, 2025, Petition Date and because the commencement of a voluntary Chapter 13 proceeding constitutes an order for relief.

Upon removal, the P.C.F. Proceeding is a "core" proceeding pursuant to 28 U.S.C. 157(b)(2)(A), (B) and (0). Moreover, because the P.C.F. PROPEPRTIES IN TX LLC, has §§ asserted a claim against the Debtor's property, it necessarily may implicate the bankruptcy claims allowance process and is therefore constitutionally as well as statutorily "core" within the Supreme Court's recent ruling in Stem v. Marshall, 131 S. Ct. 2594 (2011).

Plaintiff Ernesto Simpson and Defendant PCF Properties in Texas LLC., consent to the bankruptcy court's entry of a final judgment or order.

Written notice of the filing of this Notice of Removal and a copy of this Notice of Removal are being served upon counsel and will be filed with the Clerk of Court.

## MOTION TO TRANSFER

The parties intend to file a Motion to Transfer this adversary proceeding to the United States Bankruptcy Court for the Southern District of New York New York Division that is the proper court in which to remove this action pursuant to 28 U.S.C. 1452 and FRBP 9027 because Debtor Thomas's bankruptcy is pending in that district and division.

A proof of claim shall be filed for FLAGSTONE LENDING GROUP a Corporation allegedly organized and existing under the laws of the State of Utah, bring all of P.C.F. PROPEPRTIES IN TX LLC, claims before the bankruptcy court.

## V. ADOPTION AND RESERVATIONS OR DEFENSES.

Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of the Debtor's rights to maintain and/or assert any affirmative defenses in this matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person or subject matter; (2) arguments that venue is improper; (3) insufficiency of process; (4) failure to state a claim; (5) and any other pertinent defense available under applicable state or federal law, or otherwise,

which rights are expressly reserved.  Further, nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of the Debtor's rights and protections under the automatic stay provided pursuant to §§ 362 of the Bankruptcy Code and any other provision of the Bankruptcy Code, which rights and protections are expressly reserved.

WHEREFORE the Debtor hereby removes all of P.C.F. PROPEPRTIES IN TX LLC claims against Debtor Elizabeth Thomas's bankruptcy property to the United States Bankruptcy Court for the Southern District of Texas; Houston Division pursuant to 28 U.S.C. §§ 1452 and FRBP 9027, and intends to request a transfer to the United States Bankruptcy Court for the Southern District of New York New York Division.

Respectfully submitted this 3 day of August 2025.

EXHIBIT-2

Corporations Section
P.O.Box 13697
Austin, Texas 78711-3697



Jane Nelson
Secretary of State

## Office of the Secretary of State

### Certificate of Fact

The undersigned, as Secretary of State of Texas, hereby certifies that a diligent search of the records of this office was performed on the name P.C.F. Properties in TX, LLC. It is further certified that the search revealed the following:

- There is no record of a domestic corporation, professional corporation, professional association, limited partnership, limited liability partnership, or limited liability company by the name searched.
- There is no record of a foreign corporation, professional corporation, professional association, limited partnership, limited liability partnership, limited liability company, business trust, real estate investment trust, or other foreign filing entity with a registration to transact business by the name searched.
- There is no record of an out-of-state financial institution registration by the name searched.
- There is no record of an assumed name certificate on file by the name searched.
- There is no record to indicate that a designation of agent for service of process is on file for a Texas financial institution, unincorporated nonprofit association, or a defense base development authority by the name searched.

However, the following entities with names similar to the name searched were found.

P.C.F. PROPERTIES IN TX, LLC

In testimony whereof, I have hereunto signed my name officially and caused to be impressed hereon the Seal of State at my office in Austin, Texas on June 06, 2024.



Jane Nelson
Secretary of State

*Come visit us on the internet at https://www.sos.texas.gov/*

Phone: (512) 463-5555
Prepared by: Deborah Rogers

Fax: (512) 463-5709
TID: 10256

Dial: 7-1-1 for Relay Services
Document: 1370180040002

## CERTIFICATE OF SERVICE

I certify that on April 23, 2026, I served the foregoing Appellant brief and accompanying attachments via ECF Electronic filing system through the U.S. District Clerk  and via US Postal Service regular mail on the Appellee listed below:


**Kenneth Perry Silverman**
  Silverman Acampora L.L.P.
  100 Jericho Quadrangle, Suite 300
  Jericho, NY 11753

/s/ **Ernesto  Simpson**



**UNITED STATES POSTAL SERVICE.**

**P**

US POSTAGE PAID
**$11.95**
Origin: 77379
04/23/26
4885660379-65

PRIORITY®
MAIL

**PRIORITY MAIL®**

0 Lb 9.20 Oz

RDC 03

EXPECTED DELIVERY DAY:  04/27/28

C099



SHIP
TO:
500 PEARL ST
NEW YORK NY 10007-1316

**USPS TRACKING® #**



9505 5116 3273 6113 0918 46

PS00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2

■ Expe
■ Dom
■ USP
■ Limit
■ Whe

s apply).*

international destinations.

required.

usions see the

limitations of coverage.

*Insuran
Domesti
** See Ir

FL
ONE

TR

To schedule free Package Pickup,
scan the QR code.




USPS.COM/PICKUP

USM
SDNY

PAPER
POUCH
how2recycle.info

FROM:

**UNITED STATES POSTAL SERVICE ®** | PRIORITY® MAIL
VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM: ERNest Simpson
8202 Terre Valley Lane
Tomball Tx 77375

TO: Pro, SE Unit
U.S. District Court for the
Southern District of New York
500 Pearl Street Room 250
New York, N.Y. 10007

RECEIVED
SDNY PRO SE OFFICE
2025 APR 28  PM 4:18

Label 228, December 2023     FOR DOMESTIC AND INTERNATIONAL USE

This package is made from post-consumer waste. Please recycle – again.

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; October 2023; All rights reserved.