USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/30/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE ERNESTO SIMPSON,

Debtor.

26-CV-01084 (MMG)

**ORDER TO SHOW CAUSE**

MARGARET M. GARNETT, United States District Judge:

Appellant Ernesto Simpson brought this appeal on February 9, 2026, from the Bankruptcy Court's January 7, 2026 Order granting Mr. Simpson's own motion to dismiss his voluntary Chapter 7 case. *See* Dkt. No. 1; Dkt. No. 5; *In re Ernesto Simpson*, No. 25-11742-jpm, Dkt. No. 14 (Sept. 24, 2025) (Bankr. S.D.N.Y. 2025) ("Mot."); *In re Ernesto Simpson*, No. 25-11742-jpm, Dkt. No. 25 (Jan. 7, 2026) (Bankr. S.D.N.Y. 2026) ("Order"). Mr. Simpson filed a Notice of Record of Appeal Availability on March 24, 2026, Dkt. Nos. 4–5, and filed his Brief on April 28, 2026, Dkt. No. 7 ("Br."). Former Chapter 7 Trustee, Kenneth P. Silverman, filed a Notice of Non-Participation on August 19, 2026, explaining that because Mr. Simpson's case had been dismissed, he no longer had standing to respond as an Appellee or participate in this appeal in any capacity. Dkt. No. 9.

In the underlying Bankruptcy Court proceeding, Mr. Simpson moved for dismissal because he was "unable to identify [himself]," allegedly in connection with an "illegal" eviction from his residence in Texas. Mot. at 1. As part of his motion to dismiss, Mr. Simpson also asked the Bankruptcy Court to find that a violation of the automatic stay had been perpetrated by a bankruptcy judge in Texas. *Id.* at 3–4. The purported violation occurred when the Bankruptcy Court for the Southern District of Texas held both Mr. Simpson and his former counsel in civil contempt a day after Mr. Simpson filed his voluntary Chapter 7 petition in the Southern District of New York. *Id.* at 3. The Bankruptcy Court granted Mr. Simpson's Motion to Dismiss but did not address his claims about a violation of the automatic stay. *See* Order at 3–4. The Bankruptcy Court found sufficient cause for dismissal under 11 U.S.C. § 707 based on Mr. Simpson's explicit request, his failure to appear at any hearing, and his repeated failure to attend the Section 341 meeting of creditors. *Id.* at 3.

In the present appeal, Mr. Simpson states that he "does not disagree with the dismissal of his bankruptcy [case], [but] instead appeals the bankruptcy court['s] finding of facts, pleaded by a stranger to the bankruptcy proceedings." Br. at 11. As far as the Court can tell, Mr. Simpson seeks to appeal the Bankruptcy Court's "fail[ure] to rule" on whether a violation of the automatic stay occurred, and objects to the Bankruptcy Court "taking judicial notice" and "adopting finding[s] of fact" related to the Texas court proceedings. *Id.* at 1.

Mr. Simpson clearly takes issue with certain ancillary aspects of the Bankruptcy Court's Order. What is not clear, however, is the relief Mr. Simpson seeks through this appeal, as he has not asked the Court to reverse the Bankruptcy Court's dismissal of his case. Furthermore, it is not clear how Mr. Simpson is a "person aggrieved," a necessary condition for having standing to appeal a bankruptcy court order. *In re Barnet*, 737 F.3d 238, 242 (2d Cir. 2013). To be a "person aggrieved," the appellant must be "a person directly and adversely affected pecuniarily by the challenged order of the bankruptcy court." *In re Eletson Holdings Inc.*, No. 25-CV-02895

(LJL), 2025 WL 1898931, at *4 (S.D.N.Y. July 9, 2025) (quoting *In re Barnet,* 737 F.3d at 242). This standard is "stricter than Article III's 'injury in fact' test." *Id.* Additionally, as a general rule, "a party may not appeal from a judgment or decree in his favor, for the purpose of obtaining a review of findings he deems erroneous which are not necessary to support the decree." *In re DiPietro*, No. 20-3629, 2022 WL 880485, at *2 (2d Cir. Mar. 25, 2022) (quoting *In re O'Brien*, 184 F.3d 140, 141 (2d Cir. 1999)).

Because the Bankruptcy Court granted Mr. Simpson's own Motion to Dismiss, and because Mr. Simpson "does not disagree with the dismissal of his bankruptcy [case]," it is not apparent which, if any, of Mr. Simpson's pecuniary interests have been adversely affected. Br. at 11. Appellant is thus ORDERED to submit a letter to the Court by **November 12, 2026**, showing good cause as to why the Court should not dismiss this appeal for lack of standing.

Dated: October 30, 2026
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge